1
2
3
4
5
6              UNITED STATES DISTRICT COURT

7              EASTERN DISTRICT OF CALIFORNIA

8

9  EDDIE MILLS,                        Case No.  1:18-cv-00224-MJS (HC)

10         Petitioner,                 **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO STATE A COGNIZABLE CLAIM**

11      v.

12  ANDRE MATEVOUSIAN, Warden,        **(ECF NO. 1)**

13         Respondent.                 **CLERK TO CLOSE CASE**

14

15

16

17         Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas

18  corpus under 28 U.S.C. § 2241. Respondent is represented by Christopher D. Baker of

19  the United States Attorney's Office for the Eastern District of California. The matter is

20  before the undersigned based on the consent of all parties pursuant to 28 U.S.C.

21  § 636(c). (ECF Nos. 8, 10.)

22         Petitioner's claims are somewhat unclear. He checked a box on the form petition

23  indicating the petition concerned a prison disciplinary action or other action resulting in

24  lost gain time credits. (ECF No. 1 at 2.) However, the petition contains no facts in this

25  regard. Instead, the facts alleged pertain to his other ground for relief, denial of access to

26  the law library and the courts in violation of his constitutional rights.

27         It appearing that Petitioner's claims are not cognizable in habeas corpus, he was

28

1
2
3
ordered to show cause why the action should not be dismissed. (ECF No. 6.) He was specifically warned that the failure to respond could result in dismissal of the action. Nonetheless, Petitioner did not respond and the time for doing so has passed.

4
## I.    Discussion

5
### A.    Procedural Grounds for Summary Dismissal

6
Rule 4 of the Rules Governing Section 2254[1] Cases provides in pertinent part:

7
8
9
> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

10
11
12
13
14
15
The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

16
### B.    Failure to State Cognizable Claim

17
18
19
20
21
22
23
24
Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 or § 2241; challenges to conditions of confinement are brought pursuant to 42 U.S.C. § 1983, see Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), or pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the "federal analogue" to § 1983. Hartman v. Moore, 547 U.S. 250, 254, 255 n.2 (2006). A Bivens action is the proper remedy for a federal prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. See Prieser, 411 U.S. at

25
26
27
[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing Section 2254 Cases. Civil Rule 81(a)(4) provides that the rules "apply to proceedings for habeas corpus . . . to the extent that the practice in such proceedings is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing 2255 Cases; and has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4).

28

499; Bivens, 403 U.S. 388.

Here, it appears that a petition for writ of habeas corpus brought pursuant to § 2241 is not the proper vehicle for the claims Petitioner presents. Petitioner challenges the denial of his access to the law library and the courts. These claims do not implicate the fact or duration of his confinement. Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2241.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). Petitioner was afforded the opportunity to file an amended petition but did not do so.

### C.    Conversion to Civil Rights Action

In an appropriate case a habeas petition may be construed as a civil rights complaint. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time when the Wilwording case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is now $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. See 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. Finally, in a civil rights action, the plaintiff may name as defendants only those individuals who personally participated in the deprivation of his rights, and must

3

adequately link each defendant to the alleged constitutional violation. <u>Simmons v. Navajo Cnty., Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). Here, Petitioner names only the warden, who has no readily apparent involvement in Petitioner's claims.

In view of these potential pitfalls for Petitioner if the petition were construed as a civil rights complaint, the Court will recommend the case be dismissed without prejudice to Petitioner presenting the claims in a civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971), rather than a habeas petition. Any such complaint will be assigned a separate civil number.

**II.     Order**

Based on the foregoing, it is HEREBY ORDERED that:

1.  The petition for writ of habeas corpus is dismissed failure to state a cognizable habeas claim;

2.  The dismissal is without prejudice to Petitioner bringing his claims in a civil rights action;

3.  The Clerk of Court shall send Petitioner a blank civil rights form and blank application to proceed in forma pauperis by a prisoner;

4.  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   __March 26, 2018__         _____ /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE